# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARIA AMBEL

## DEFENDANTS
PEDDLERS VILLAGE PARTNERSHIP -AND- PEDDLERS VILLAGE OF LAHASKA, INC., GENERAL PARTNER

**(b)** County of Residence of First Listed Plaintiff: Mercer Cty, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999  sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et. seq.
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 150,000 in excess
CHECK YES only if demanded in complaint:
**JURY DEMAND:** x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: September 30, 2014
SIGNATURE OF ATTORNEY OF RECORD
/s/Sidney L. Gold, Esquire    X

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 652 Beatty Street, Trenton, New Jersey 08611

Address of Defendant: Routes 202 and 263, Lahaska, PA 18931   (same address for both Defendants)

Place of Accident, Incident or Transaction: Routes 202 and 263, Lahaska, PA 18931   *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?   Yes☐   No **X**

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

  X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  X  Relief other than monetary damages is sought.

DATE: __09/30/2014__      /s/Sidney L. Gold, Esquire      21374
                          Attorney-at-Law                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/30/2014__      /s/ Sidney L. Gold, Esquire      21374
                          Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 652 Beatty Street, Trenton, New Jersey 08611

Address of Defendant: Routes 202 and 263, Lahaska, PA 18931    **(same address for both Defendants)**

Place of Accident, Incident or Transaction: Routes 202 and 263, Lahaska, PA 18931    *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No **X**

Does this case involve multidistrict litigation possibilities?    Yes☐    No **X**

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐    No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: 09/30/2014    /s/Sidney L. Gold, Esquire    21374
                    Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/30/2014    /s/ Sidney L. Gold, Esquire    21374
                    Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARIA AMBEL | : | CIVIL ACTION |
| vs. | : | |
| PEDDLERS VILLLAGE PARTNERSHIP AND PEDDLERS VILLAGE OF LAHASKA, INC., GENERAL PARTNER | : : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| September 30, 2014 | | /s/Sidney L. Gold, Esquire |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.569.1999 | 215.569.3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA AMBEL, | CIVIL ACTION NO.: |
| *Plaintiff*, | |
| vs. | |
| PEDDLERS VILLAGE PARTNERSHIP AND PEDDLERS VILLAGE OF LAHASKA, INC., GENERAL PARTNER, | |
| *Defendants*. | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Maria Ambel ("Plaintiff Ambel"), a former employee of Defendant Peddlers Village Partnership and Peddlers Village of Lahaska, Inc., General Partner ("Defendants"), who has been harmed by Defendants' discriminatory and retaliatory actions as set forth herein below.

2. This action is brought under the Civil Rights Act of 1871, 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Plaintiff Ambel's claims are substantively based on §1981 and Title VII.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider Plaintiff Ambel's claims arising under the PHRA.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Ambel's claims occurred in this judicial district.

6. All conditions precedent to the institution of this suit have been fulfilled. On July 15, 2014, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

7. Plaintiff Ambel has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

8. Plaintiff, Maria Ambel ("Plaintiff Ambel"), a Hispanic female of Mexican national origin, is a citizen of the State of New Jersey, residing therein at 652 Beatty Street, Trenton, New Jersey 08611

9. Defendant, Peddlers Village Partnership, is a limited partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at Routes 202 and 263, Lahaska, Pennsylvania 18931.

10. Defendant, Peddlers Village of Lahaska, Inc., is the General Partner of Defendant Peddlers Village Partnership and is, upon information and belief, a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at Routes 202 and 263, Lahaska, Pennsylvania 18931.

11. At all times relevant hereto, the Defendants were Plaintiff Ambel's employer and were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendants.

12. At all times material herein, Defendants are and have been "persons" and "employers" as defined under §1981, Title VII, and the PHRA and have been, and are, subject to the provisions of said Acts.

### IV.  STATEMENT OF FACTS

13. Plaintiff Ambel, a Hispanic female of Mexican national origin, was employed by the Defendants from in or about April of 2003 until on or about July 10, 2011, the date of her unlawful termination.

14. Upon commencing employment with the Defendants, Plaintiff Ambel held the position of Housekeeper

15. In or about 2007, Ronald Stayler ("Stayler"), Supervisor, promoted Plaintiff Ambel to the position of Housekeeping Manager as a result of her demonstrated work ethic and ability to train Spanish speaking employees.

16. At all times relevant hereto, Plaintiff Ambel maintained an excellent job performance rating with the Defendants.

16. By way of example, Plaintiff Ambel received numerous positive job reviews, including a positive performance evaluation in 2011, and has never had any disciplinary action taken against her by Defendants.

17. In addition to her regular duties, Plaintiff Ambel assisted the Defendants in completion of payroll and served as a translator in connection with the training of Spanish speaking employees.

18. In or about late 2009, the said Stayler passed away and was replaced by Jeanne Schmotz ("Schmotz"), Supervisor, a Caucasian individual of American national origin.

19. Thereafter, Schmotz embarked upon a campaign of discrimination against Plaintiff Ambel on the basis of her race (Hispanic) and national origin (Mexican).

20. By way of example, Schmotz unilaterally reduced Plaintiff Ambel's work hours, while similarly situated, non-Hispanic, non-Mexican employees were not subject to such a reduction in their work hours.

21. As further discrimination, Schmotz repeatedly berated Plaintiff Ambel in the presence of coworkers and customers, or simply refused to communicate with Plaintiff Ambel, causing her extreme discomfort and embarrassment.

22. In or about 2010, Plaintiff Ambel registered a complaint of discrimination with Susan Tobias ("Tobias"), Human Resources Representative. During said meeting, Tobias' assistant took notes and documented Plaintiff Ambel's complaint.

23. Notwithstanding Plaintiff Ambel's protestations, Tobias failed to conduct an investigation and likewise failed to take steps to cause the discriminatory treatment to cease, thereby endorsing the discrimination and allowing it to persist.

24. In or about June of 2011, as a result of ongoing and unchecked discrimination in the workplace, Plaintiff Ambel registered a second complaint of discrimination with the said Tobias. Again, the Defendants failed to take remedial measures to cause the discriminatory treatment to cease.

25. Instead, in retaliation for registering the aforesaid complaints, on or about July 1, 2011, the Defendants abruptly terminated Plaintiff Ambel's employment, due to alleged poor job performance.

26. However, at no time prior to Plaintiff Ambel's termination did Defendants counsel Plaintiff Ambel or place her on a performance improvement plan.

27. Upon information and belief, following Plaintiff Ambel's termination, the Defendants reassigned her duties to a less qualified, less experienced Caucasian of American national origin.

## COUNT I
### (42 U.S.C. §1981 - Race Discrimination and Retaliation)
### Plaintiff Ambel v. Defendants

28. Plaintiff Ambel hereby incorporates by reference paragraphs 1 through 27 of her Complaint as though fully set forth herein.

29. The actions of Defendants, through their agents, servants and employees, as aforesaid, were discriminatory and retaliatory in nature, in violation of §1981.

30. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of §1981, Plaintiff Ambel sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff Ambel suffered severe emotional distress, embarrassment, humiliation, and loss

of self-esteem.

## COUNT II
### (Title VII - National Origin Discrimination and Retaliation)
### Plaintiff Ambel v. Defendants

32. Plaintiff Ambel hereby incorporates by reference paragraphs 1 through 31 of her Complaint as though fully set forth herein.

33. The actions of Defendants, through their agents, servants and employees, as aforesaid, were discriminatory and retaliatory in nature, in violation of Title VII.

34. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff Ambel sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Ambel suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA - National Origin Discrimination and Retaliation)
### Plaintiff Ambel v. Defendants

36. Plaintiff Ambel hereby incorporates by reference paragraphs 1 through 35 of her Complaint as though fully set forth herein.

37. The actions of Defendants, through their agents, servants and employees, as aforesaid, were discriminatory and retaliatory in nature, in violation of the PHRA.

38. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Ambel sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

39. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Ambel suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

40. Plaintiff Ambel hereby incorporates by reference paragraphs 1 through 39 of her Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Ambel requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Ambel for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Ambel with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Ambel punitive damages;

  d. Defendant pay to Plaintiff Ambel compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

  e. Defendant pay to Plaintiff Ambel, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

  f. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Ambel demands a trial by jury.

         SIDNEY L. GOLD & ASSOC. P.C.


        By: /s/Sidney L. Gold, Esquire
         SIDNEY L. GOLD, ESQUIRE
         I.D. No.: 21374
         1835 Market Street - Suite 515
         Philadelphia, PA 19103
         (215) 569-1999
         Attorneys for Plaintiff

DATED: September 30, 2014

## **VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 09/03/14

_____
MARIA AMBEL, PLAINTIFF